The Vice-Chancellor.
(March 17.)—Ihave no doubt upon the evidence furnished by the parties on this motion, that-Mr. Blunt’s recovery in the suit at law was exclusively on the ground that the fat melting as conducted by the defendant, was a nuisance to the neighboring property of Blunt.
It is certainly competent for either party to prove on which ground the suit was determined, where several are stated in the declaration. And in this instance, if Mr. Hay were sued by Blunt for a nuisance in respect of the green hides and the manufacture of soap and candles, and this verdict should be produced as conclusive evidence of those matters constituting such *365 a nuisance; the same proof now before me, would establish in Hay’s favor, that the verdict had no bearing upon the question.
I have already determined that it was proper for Blunt to set forth the trial and verdict at law, by way of supplemental bill.
The question remains, can he avail himself of it, in aid of the joint suit of himself and Murray; and if so, should Murray be joined in the supplemental bill ?
The chancellor has settled in this case, that the common interest which the two complainants had in suppressing the nuisance as set forth in their bill, warranted them in uniting in the suit, although their property alleged to be injured, was wholly distinct and owned in severally.(a) Whether, if for any cause, one of the two shall fail at the hearing to show a title to relief, it will deprive the other of relief also, is a point not now to be determined.
In stating their case in the original bill, the complainants necessarily set forth facts concerning their respective titles and the locality of their lots of ground injured by the nuisance, in which but one of them had any interest, either in alleging or proving.
So of the trial and verdict set forth in the supplemental bill. It is a part of the case of Blunt. Murray has no interest in it. It neither supports his title, nor furnishes evidence in his favor, as against the defendant.
But I see no reason why it is not proper for him to join Blunt, in making the allegation in favor of the latter. It is evidently right and proper that Blunt should have the benefit of this verdict, in the suit in equity. In a supplemental bill brought for new matter, where there has been no change of parties, all of them must be made parties to such bill.
Hence it was necessary to file the supplemental bill in the name of both of the complainants; unless for the sake of some abstract technicality, the court will deprive Blunt of the benefit of his recovery at law.
*366 If it be said that the result will be a direct benefit to Murray by means of a verdict to which he was neither a party or privy, through an injunction founded upon it as evidence in favor of Blunt; the answer is, that he will be no more benefitted than he would have been if not a party to this suit, and no more than all who reside or own property in the vicinity. If Blunt appear to be entitled to an injunction, the court cannot refuse to grant it, because it may enure to the benefit of others.
I think the objections to the supplemental bill, in respect of Mr. Murray’s being a party, are not well taken ; and I am convinced that the verdict at law settles the point, so far as it is now before the court, that the defendant’s business of melting fat is a nuisance injurious to Blunt’s neighboring house, and he is entitled to an injunction against its further continuance.
In order to avoid, as far as justice to the complainant will permit, injury and inconvenience to the defendant, the injunction (which may issue at once,) will take effect on the 2Qth of April pext.
Order accordingly.

 Since reported in 1 Barbour’s Ch. R. 59.